WOOD. J.
The real question is, whether the notice was given by the authority of the plaintiff; it is as well given by any other authorized person as by the attorney of record. The statute does not require the notice to be given by the attorney of record. *706 682] *The plaintiff then called a witness to prove the paper containing the libel to have been published by the defendant, when Paine, one of his counsel admitted it, and said it might be read, but when the reading commenced, Paine said he retracted the admission, and required proof.
Webb, for the plaintiff,
objected its incompetence.
Paine, for the defendant,
objected its incompetence.

Paine.

It is evidence in chief, and cannot therefore be introduced after the plaintiff has rested.
WOOD, J. You will not be permitted to do so. The admission was openly made in, the progress of the cause and will bind you. In such cases the admitting party has no right to retract without leave of the court, and we do not give such leave, unless upon good cause shown.
The plaintiff having rested, the defendant offered a witness with a paper purporting to be the plaintiff’s answer to the libel, and to prove its publication in the newspaper.
WOOD, J. If the paper be admitted or proven to be the plaintiff’s and it contains any admission of the matter justified, you may read the admission. It is not material whether he has published it. You cannot set off one libel against another, and the after publication by the plaintiff could not enter into the motive for the defendant’s publication.
A witness of the defendant was asked by the plaintiff’s counsel on cross-examination, what the defendant said about the subject of the libel ?
WOOD, J. It is admissible, as showing the degree of malice, and bears on the amount of damages.
WOOD, J. If it be evidence in chief, it is admissible in our discretion, and we are constantly in the habit of indulging counsel in, that way: the question may be answered.